JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

AZIZA VAFOKULOVA, Indv. and as Admin. of the Estate of BAHTIYOR VAFOKULOVA, at al.

**DEFENDANTS**

JESSE VEGA LAURENCIO, et al.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Mecklenburg County NC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Raymond M.Bily, Esquire - Reiff and Bily
1211 Walnut Street, 3rd Fl., Phila., PA  19107
(215) 246-9000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Motor vehicle accident resulting in death.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Honorable Michael M. Baylson

DOCKET NUMBER   17-2605 (MMB)

DATE
09/15/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: A. Vafokulova – 1811 Rhawn St., Phila, Pa 19111

Address of Defendant J. Laurencio – 301 Heritage Lake Dr. – Charlotte, NC 28262
Y. Suarez – 110827 Mountain Spring Dr. – Charlotte, NC 28278

Place of Accident, Incident or Transaction: *(Use Reverse Side For Additional Space)*
Accident occurred in Manning, SC – Interstate 95 near Exit 119

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☑

*RELATED CASE, IF ANY:*
Case Number: 17-2605-MMB    Judge Michael M. Baylson    Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Raymond M. Bily , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/15/17 _____    _Attorney-at-Law_    44677
    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/15/17 _____    _Attorney-at-Law_    44677
    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| AZIZA VAFOKULOVA, et al. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| JESSE VEGA LAURENCIO, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )

| | | |
|---|---|---|
| 9/15/17 | Raymond M. Bily, Esq. | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-246-9000 | 215-246-9021 | rbily@reiffandbily.com |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AZIZA VAFOKULOVA, individually<br>And as the Administratrix of the<br>ESTATE OF BAHTIYOR VAFOKULOVA, and<br>on behalf of JOSE VAFOKULOVA and<br>REGINA VAFOKULOVA, minor children<br>1811 Rhawn Street, Apt. 410<br>Philadelphia, PA 19111 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
|               Plaintiffs, | :   Civil Action No. 2:17-cv- |
|    vs. | : <br> : |
| JESSE VEGA LAURENCIO<br>301 Heritage Lake Drive<br>Charlotte, NC  28262<br>      and<br>YANIEL CAJIGAL SUAREZ,<br>Doing Business As (DBA), YL Express<br>110827 Mountain Spring Drive<br>Charlotte, NC 28278 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
|              Defendants. | : |

## CIVIL ACTION COMPLAINT

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Aziza Vafokulova ("Mrs. Vafokulova"), individually and as the Administratrix of the Estate of Bahtiyor Vafokulova, and on behalf of Jose and Regina Vafokulova (collectively, the "Children"), file this complaint.

1

## PARTIES

### *Plaintiffs*

1.     Plaintiff, Aziza Vafokulova, Administratrix of the Estate of Bahtiyor
Vafokulova, deceased by appointment of Letters of Administration, No. A4381-2016,
issued by the Register of Wills of Philadelphia County on November 18, 2016, is a
citizen and resident of the Commonwealth of Pennsylvania, residing at 1811 Rhawn
Street, Apt. #410, Philadelphia, PA 19111.

2.     The Plaintiff's decedent, Bahtiyor Vafokulova, left surviving him the
following persons:

> (a) Wife, Aziza Vafokulova of 1810 Rhawn Street, Apt #410, Philadelphia,
> PA 19111, Age: 31
>
> (b) Son, Jose Vafokulova, Age: 10
>
> (c) Daughter, Regina Vafokulova, Age: 5

There has been no action brought by the decedent in his lifetime upon the allegations
of the Complaint.

### *Defendants*

3.     Defendant, Jesse Vega Laurencio ("Defendant driver"), is an adult
individual who resides at the above captioned address and is a citizen of the State of
North Carolina.

4.     Defendant, Yaniel Cajigal Suarez, is an adult individual and carrier who
resides at the above-captioned address, and is a citizen of the State of North Carolina.

2

5.     At all times pertinent, Defendant Yaniel Cajigal Suarez's USDOT # was 02189357.

6.     At all times pertinent, Defendant, Yaniel Cajigal Suarez, was doing business as YL Express.

7.     At all times pertinent, Defendant Yaniel Cajigal Suarez acted individually, and through his agents, servants, employees, contractors and drivers including, Defendant, Jesse Vega Laurencio.

## STATEMENT OF JURISDICTION

8.     Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332.

9.     Defendant, Jesse Vega Laurencio, and Defendant, Yaniel Cajigal Suarez, are both citizens of the State of North Carolina and regularly conduct business in the Commonwealth of Pennsylvania including picking up and transporting general freight from origins and entities in the Commonwealth of Pennsylvania. At the time of the accident, Defendants were transporting freight picked up from a place of origin in the Commonwealth of Pennsylvania, hauling it through South Carolina en route to Florida.

## BACKGROUND FACTS

10.     On or about 12:00 a.m. on August 19, 2016, Defendant Driver was transporting freight, including freight that was transported from an entity or entities originating in the Commonwealth of Pennsylvania when the tractor-trailer encountered

3

mechanical difficulty. At this time, the Defendant driver parked the tractor-trailer on the shoulder of southbound Interstate 95, at or near Exit 119 in Manning, South Carolina.

11.     It is believed and therefore averred the mechanical difficulty included, failure of a worn serpentine belt which is easily discoverable and repairable through timely routine inspection and maintenance.

12.     At all relevant times, the Defendant driver and Defendant trucking company had a duty to make routine maintenance inspections and to repair and replace worn parts including the tractor's serpentine belt.

13.     The location that Defendant driver parked his tractor-trailer was immediately adjacent to the southbound travel lanes of Interstate 95, at or near Exit 119 in Manning, South Carolina.

14.     At the time that Defendant driver parked his tractor-trailer, there were numerous towing companies with the ability to tow Defendant driver's tractor-trailer from the highway shoulder to a secure and safe location.

15.     At the time, the Defendant driver parked the tractor-trailer, towing companies were available to immediately respond to a call for towing assistance and to retrieve the Defendant driver's tractor-trailer within one hour.

16.     At the time that the tractor-trailer was parked adjacent to the southbound travel lanes of Interstate 95 in Manning, SC, the Defendant driver and the Defendant trucking company had a duty to park the tractor-trailer in a safe position, to avoid

4

creating a dangerous and hazardous condition for other motor vehicles traveling along Interstate 95.

17.     After Defendant driver parked the tractor-trailer adjacent to the travel lanes of southbound Interstate 95 he failed to make arrangements for removal of the tractor-trailer to a safe location, and instead left the scene and proceeded to a nearby hotel.

18.     At the time, the tractor-trailer had mechanical difficulties, Defendant Yaniel Cajigal Suarez did not instruct or direct  Defendant Laurencio to obtain available towing assistance.

19.     On or about 5 a.m. on August 19, 2016, the tractor-trailer that was parked in an unsafe location and unattended by the Defendants, was struck by a tractor-trailer operated by Arthur Williams in which Plaintiff's decedent was occupying the sleeper berth of the tractor-trailer.

20.     At the time of the collision, the force of the crash ejected Plaintiff's Decedent from the tractor-trailer's sleeper berth.

21.     At the time of the collision, a 55-gallon drum being hauled by the tractor-trailer operated by Arthur Williams was also ejected and landed on Plaintiff's Decedent's head, resulting in his death.

22.     At the aforementioned time and place Defendant Laurencio was acting as an employee, agent and servant of Defendant Yaniel Cajigal Suarez acting within the course and scope of agency, servantcy and employment.

5

23.     Accordingly, the Defendant  Yaniel Cajigal Suarez is vicariously liable for the Defendant Laurencio's negligence and recklessness.

24.     At all times pertinent, the Defendants knew or should have known of the responsibility to maintain and repair the tractor-trailer to prevent a risk of harm to other motor vehicles.

25.     At all times pertinent, Defendants knew or should have known there were towing services readily available to remove a tractor-trailer.

26.     At all times pertinent, the Defendants knew or should have known that leaving a tractor-trailer parked adjacent to the travel lanes of southbound Interstate 95 for an extended period created a risk of harm to other persons and motor vehicles traveling the highway.

27.     At all times pertinent, the Defendant s actions were negligent, careless, reckless and outrageous and a conscious disregard of the known risk of harm to Plaintiff's decedent and to other motor vehicles traveling the highway.

## COUNT I

## **WRONGFUL DEATH**
*Plaintiffs v. Defendants*

28.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 27, as though they were fully set forth at length herein.

29.     Plaintiff, Aziza Vafokulova, individually and as Administratrix of the Estate of Bahtiyor Vafokulova, deceased brings this action on behalf of the survivors of

6

the decedent, under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. §8301.

30.    Plaintiffs claim damage for pecuniary loss suffered by decedent's survivors due to the wrongful death of Bahtiyor Vafokulova, as well as reimbursement for medical bills, funeral and internment expenses, and administration expenses incurred therewith.

31.    Because of the wrongful death of Bahtiyor Vafokulova, his minor children have been deprived of the guidance, love, tutelage, companionship, support, comfort, and society which they would have received from him for the remainder of his life.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendants, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest, together with punitive damages, costs and whatsoever other relief that this Honorable Court deems just and appropriate under the circumstances.

## COUNT II
## SURVIVAL ACTION
*Plaintiffs v. Defendants*

32.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31, as though they were fully set forth at length herein.

33.    Plaintiff, Aziza Vafokulova, Administratrix of the Estate of Bahtiyor Vafokulova, deceased, brings this action to recover damages to the estate of the decedent, under and by virtue of 42 Pa.C.S.A. §8302.

7

34.     Because of the death of Bahtiyor Vafokulova, his estate has been deprived of the economic value of his life expectancy, and Plaintiffs claim damage for the pecuniary loss caused by his death.

35.     Plaintiffs claim on behalf of the estate of the decedent damages for the conscious pain and suffering and mental anguish undergone by Plaintiffs' decedent from the accident to the date and time of his death.

36.     As a result of the untimely death of the decedent, Plaintiffs claim of the Defendants an additional sum for the psychic value of the expectancy and employment of the life of the decedent which was terminated by reason of his death.

37.     As a result of the untimely death of the decedent, Plaintiffs claim damages for the expenses incurred by the decedent for medical attention and treatment and for funeral, burial and other expenses incurred in connection therewith.

38.     Plaintiffs claim damages for the loss suffered by the decedent of the prospective happiness and the enjoyment and pleasures of life which Plaintiffs' decedent would have had during the remainder of his natural life which was terminated by his death.

        WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendants, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest, together with punitive damages, costs and whatsoever other relief that this Honorable Court deems just and appropriate under the circumstances.

## COUNT III
### Negligence

39.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 38, as though they were fully set forth at length herein.

40.     The Defendants negligently and recklessly breached the duty to ensure the safe and reasonable operation of a commercial motor vehicle for the safety of the public.

41.     The Defendants negligently and recklessly breached the duty not to park a tractor-trailer in a location that would pose a danger to other motor vehicles traveling the highway.

42.     The Defendants negligently and recklessly breached the duty to inspect and maintain a commercial motor vehicle so to prevent mechanical failures, belt failure and breakdown.

43.     The Defendants negligently and recklessly breached the duty to act and have a tractor-trailer towed and removed from an unsafe location creating a risk to other motor vehicles traveling the highway.

44.     The Defendants negligently and recklessly breached the duty to make reasonable inquiry to determine the availability of towing assistance that was readily available to remove the tractor-trailer to a safe location in such a timeframe to avoid a collision with the tractor-trailer being operated by Arthur Williams.

45.     The Defendants were also negligent, careless and reckless for:

        a.  Failing to maintain the tractor-trailer to avoid mechanical failure;

    b.  Failing to maintain the tractor-trailer to avoid belt failure;

    c.  Failing to properly inspect the tractor-trailer for parts in danger of failure including a serpentine belt;

    d.  Failing to remove a tractor-trailer from an unsafe location;

    e.  Failing to obtain towing services and assistance in a timely manner;

    f.  Operating a tractor-trailer in a poorly maintained condition; and

    g.  Leaving the tractor-trailer in an unsafe location for an extended time.

46.    The aforementioned negligence and recklessness directly and proximately caused and resulted in the death of Plaintiff's decedent Bahtiyor Vafokulova.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendant Driver, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest, together with punitive damages, costs and whatsoever other relief that this Honorable Court deems just and appropriate under the circumstances.

### COUNT IV
*Plaintiff, Aziza Vafokulova v. Defendants*

47.  Plaintiffs incorporate by reference paragraphs 1 through 46 of this Complaint as if same were fully set forth herein.

48.  Plaintiff, Aziza Vafokulova avers that she is the wife of Decedent, Bahtiyor

Vafokulova, and by reason of the aforesaid, she has been deprived of the companionship, services, comfort and consortium of her husband, Bahtiyor Vafokulova, all to her great detriment and loss.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendants, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest, together with punitive damages, costs and whatsoever other relief that this Honorable Court deems just and appropriate under the circumstances.

Respectfully Submitted,

REIFF AND BILY,

By: _____
Raymond M. Bily, Esquire

By: _/s/ Wade Suthard_
Wade Suthard, Esquire
*Attorneys for: Plaintiffs*

Date: September 15, 2017

11